IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Keith Miller, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action 2:17-2752-TMC |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Sheriff Al Cannon, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Keith Miller, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the Petition be summarily dismissed without prejudice. (ECF No. 11). The parties were advised of their right to file objections. (ECF No. 61 at 19). Petitioner timely filed objections. (ECF No. 16). In his objections, Petitioner merely requested a personal recognizance bond, and he did not address the Report in any way. *Id.* Therefore, on December 4, 2017, the court entered an order informing Petitioner that the court was inclined to adopt the Report, but the court would give Petitioner an opportunity to amend his habeas petition to cure the deficiencies set forth in the Report. (ECF No. 23). Petitioner did not file anything in response to this order.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

1

Petitioner is a pretrial detainee at the Sheriff Al Cannon Detention Center located in North Charleston, South Carolina, awaiting trial on several state charges. In the instant Petition and Petitioner's Amendment (ECF Nos. 1 and 6), Petitioner states he is seeking a "bond reduction, P.R. bond, or dismissal of warrant." (ECF No. 1). However, Petitioner stated no facts or grounds for relief. Because Petitioner has not been convicted of the pending state charges, and he is not challenging the execution of a federal sentence, parole decision, calculation of good time credits, or prison disciplinary action, the magistrate judge determined that this habeas petition is not appropriate. (Report at 4-5). Additionally, the magistrate judge found that Petitioner's claims are unexhausted, premature, and barred by *Younger v. Harris,* 401 U.S. 37 (1971) (holding that a federal court should not interfere with pending state criminal proceedings). (Report at 10-11).

Petitioner filed a very brief and general objection in which he states he is seeking a P.R. bond. (ECF No. 16). As noted above, he did not address the Report in any way. Further, Petitioner has not filed an amended petition after being given an opportunity to amend his Petition to address the deficiencies set forth in the Report, and being advised that the court was inclined to adopt the Report.

The court has thoroughly reviewed the Report, as well as the objections filed by the Petitioner, and finds no reason to deviate from the Report's recommended disposition. Accordingly, the court adopts the Report (ECF No. 11) and the Petition is **DISMISSED** without prejudice.

Additionally, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by

the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

    **IT IS SO ORDERED.**

                                              s/Timothy M. Cain
                                              United States District Judge

January 22, 2018
Anderson, South Carolina